UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK ALLEN BENNETT,

        Petitioner,         Case No. 1:15-cv-415

v.        Honorable Robert J. Jonker

MARY BERGHUIS,

        Respondent.
_____/

## OPINION

        This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

**Factual Allegations**

Petitioner Mark Allen Bennett presently is incarcerated at the West Shoreline Correctional Facility.  Following a jury trial in the Bay County Circuit Court, Petitioner was convicted of six counts of third-degree criminal sexual conduct (CSC III), MICH. COMP. LAWS § 750.520d, and three counts of fourth-degree criminal sexual conduct (CSC IV), MICH. COMP. LAWS § 750.520e.  On December 20, 2011, Petitioner was sentenced to prison terms of 95-180 months for each CSC III conviction and 16-24 months for each CSC IV conviction.

Petitioner paid a retainer to his trial attorney to represent him on appeal and directed him to file an appeal.  The attorney failed to file a timely appeal of right.  Petitioner then hired a second attorney, who filed a delayed application for leave to appeal Petitioner's convictions and sentences to the Michigan Court of Appeals, raising seven claims, several of which contained multiple sub-parts:  (1) ineffective assistance of counsel; (2) erroneous admission of evidence; (3) prosecutorial misconduct; (4) erroneous calculation of the sentencing guidelines variables; (5) improper departure from the sentencing guidelines; (6) cruel and unusual punishment; and (7) failure to correct the presentence investigation report to correspond with the determinations made at the sentencing hearing.  The court of appeals granted leave to appeal.  In a lengthy unpublished opinion issued on December 10, 2013, the court affirmed the convictions, but remanded the case for the limited purpose of correcting the presentence investigation report.  Petitioner sought leave to appeal to the Michigan Supreme Court, raising the same grounds presented to the court of appeals. The supreme court denied leave to appeal on September 5, 2014.  The court denied reconsideration on November 25, 2014.

In his habeas application, Petitioner raises a single claim of ineffective assistance of counsel, which formed only a portion of his ineffective-assistance claim on appeal:

> I. THE MICHIGAN COURT OF APPEALS ERRORED [SIC] WHEN RULING THE INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL TO PERFECT AN APPEAL BY RIGHT WAS HARMLESS DUE TO THE STATE APPELLATE COURT GRANTING PETITIONER'S DELAYED APPLICATION FOR LEAVE TO APPEAL CONTRADICTING UNITED STATES V. CRONIC, 466 US 648.

(Br. in Supp. of Petition, docket #2, Page ID#5.)

## Discussion

This action is governed by the Antiterrorism and Effective Death Penalty Act of 1996, PUB. L. 104-132, 110 STAT. 1214 (AEDPA). *See Penry v. Johnson*, 532 U.S. 782, 792 (2001). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). The AEDPA has "drastically changed" the nature of habeas review. *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). This standard is "intentionally difficult to meet." *Woods v. Donald*, 575 U.S. __, 135 S. Ct. 1372, 1376 (2015) (internal quotation marks omitted).

Petitioner argues that he was denied the effective assistance of appellate counsel when his trial attorney failed to file a timely appeal of right as Petitioner had instructed. Subsequently, through appellate counsel, Plaintiff filed a delayed application for leave appeal to the MCOA, raising multiple issues. Petitioner acknowledges that his application for leave to appeal was granted and that the court heard his case on the merits. Nevertheless, he contends, that, because he had reached an agreement with trial counsel to file an appeal and counsel did not do so, he was denied his right to counsel on direct appeal and was entitled to a presumption of prejudice.

In *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984), the Supreme Court established a two-prong test by which to evaluate claims of ineffective assistance of counsel. To establish a claim of ineffective assistance of counsel, the petitioner must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome. A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The defendant bears the burden of overcoming the presumption that the challenged action might be considered sound trial strategy. *Id.* (citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)); *see also Nagi v. United States*, 90 F.3d 130, 135 (6th Cir. 1996) (holding that counsel's strategic decisions were hard to attack). The court must determine whether, in light of the circumstances as they existed at the time of counsel's actions, "the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. Even if a court determines that counsel's performance was outside that range, the defendant is not entitled to relief if counsel's error had no effect on the judgment. *Id.* at 691.

The Supreme Court has held that, in limited circumstances, prejudice will be presumed. *See United States v. Cronic*, 466 U.S. 648, 658 (1984). In *Cronic*, the Court held that the denial of counsel during a critical stage of the proceeding amounts to a *per se* denial of the effective assistance of counsel. *Id.* at 659. A court must reverse a criminal defendant's conviction "without any specific showing of prejudice to defendant when counsel was either totally absent, or prevented from assisting the accused during a critical stage of the proceeding." *Id.* at 659 n.25. "In other words, when counsel is totally absent during a critical stage of the proceedings, prejudice must be presumed." *Mitchell v. Mason*, 325 F.3d 732, 741 (6th Cir. 2003).

Petitioner contends that, under *Cronic*, he is entitled to a presumption of prejudice, because counsel wholly deprived him of his appeal of right. In *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), the Supreme Court considered whether a habeas petitioner alleging ineffective assistance of appellate counsel was entitled to a presumption of prejudice when his counsel's failure to file a notice of appeal resulted in the dismissal of his appeal as of right. *Id.* at 483. The Court held that a presumption of prejudice applies only where counsel's deficiency resulted in the denial of an entire judicial proceeding. *Id.* (citing *United States v. Cronic*, 466 U.S. 648 (1984)). "[C]ounsel's deficient performance must actually cause the forfeiture of the defendant's appeal." *Id.* at 484. In all other circumstances, the deferential standard of *Strickland* applies to determine whether counsel's performance was unprofessional and whether the defendant was prejudiced by counsel's error. *Id.*

The Sixth Circuit, applying *Flores-Ortega*, has held that the mere opportunity to file an application for leave to appeal is not "an adequate substitute for the loss of a direct appeal, because of the additional hurdles that those collateral proceedings impose on prisoners. *See Hardaway v. Robinson*, 655 F.3d 445, 450 (6th Cir. 2011) (citing *Dorn v. Lafler*, 601 F.3d 439, 445

(6th Cir. 2010)); *see also Glover v. Birkett*, 679 F.3d 936, 937-39 (6th Cir. 2012). The *Hardaway* court acknowledged, however, that its decision did not extend to circumstances in which "the Michigan Court of Appeals granted rather than denied leave to appeal, insured that petitioner had a right to appellate counsel, and permitted the case to proceed as for an appeal of right under MICH. CT. R. 7.205(D)(3), and disposed of the merits to the same extent that it would have on a direct appeal." *Id.*

The instant case raises the circumstance excluded by *Hardaway*. The Michigan Court of Appeals granted Petitioner leave to file a delayed application for leave to appeal, permitted the filing of appellate briefs, and considered Petitioner's claims on the merits, applying the same standards as would have been applied in an appeal of right, as described in MICH. CT. R. 7.205(D)(3). Petitioner also was represented by counsel during his appeal. Under these circumstances, counsel's failure to file a timely appeal of right in this instance did not result in the "forfeiture of [Petitioner's] appeal." *Flores-Ortega*, 528 U.S. at 484. Because counsel's failure to file a direct appeal did not deprive Petitioner of his appellate proceeding, he is not entitled to a presumption of prejudice. *Id.*; *see also Prior v. Hoffman*, No. 2:06-cv-224, 2007 WL 2973245, at *7 (D. Vt. Oct. 9, 2007) (holding that where leave to appeal is granted and the merits of the appeal are heard, there exists no actual prejudice, so a presumption of prejudice is not warranted).

Moreover, Petitioner cannot and does not show that he was prejudiced under the *Strickland* standard. The court of appeals allowed full briefing of the issues, considered each of Petitioner's arguments on appeal under the same standard applied to direct appeals, and issued a reasoned opinion rejecting each of Petitioner's claims. Because the court actually considered each

of Petitioner's appellate arguments and found them to be without merit, counsel's failure to file a timely direct appeal had no effect on the judgment. *Strickland*, 466 U.S. 691.

In sum, under clearly established Supreme Court precedent, the court of appeals reasonably rejected Petitioner's claim of ineffective assistance of counsel.

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.


Dated:     July 8, 2015                    /s/ Robert J. Jonker
                                           ROBERT J. JONKER
                                           UNITED STATES DISTRICT JUDGE